Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-70-ELG |
| | ) | (Chapter 7) |
| 42920 NE, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**<u>OPPOSITION TO MOTION TO WITHDRAW PETITION AND DISMISS CASE</u>**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), by and through undersigned counsel, pursuant to Local Rule 9013-1, and in opposition to the Motion to Withdraw Petition and Dismiss Case (the "Motion," as found at DE #13) states as follows:

News of "an agreement to resolve the outstanding debt," Motion, DE #13, at ¶ 3, comes as a surprise to WCP. Pre-petition, WCP had scheduled a foreclosure of the quasi-eponymous asset of 42920 NE, LLC (property located at 429 20th Street, NE, Washington, DC) and entered into informal forbearance discussions with the debtor. But no formal agreement was reached, no formal agreement was reduced to writing, and a bankruptcy petition ensued. Since this case was

commenced, WCP is not aware of any settlement discussions and undersigned counsel has not been a party to any such discussions.[1]

To be sure, it appears someone – and it is not believed that person was the debtor herein – wired $5,000.00 to WCP, post-petition. WCP suspects this may have been in connection with pre-petition forbearance discussions. But, to state the obvious, WCP was not going to proceed with foreclosure of the semi-titular asset once the debtor sought bankruptcy protection, as WCP is acutely aware of the automatic stay set forth in Section 362 of Title 11 of the United States Code.

Thus a veritable oddity now visits this case: the debtor asserts dismissal is appropriate, without any discussion of the Section 707 criteria attendant to such a request, because an agreement has been reached with a single creditor. But WCP – the alleged counterparty to that agreement – knows of no such agreement. WCP had suggested forbearance terms pre-petition only to then discover the debtor sought Chapter 7 relief, compelling WCP to have counsel enter an appearance herein, and compelling WCP to hand its topical file over to bankruptcy counsel.

On these facts, WCP does *not* consent to dismissal of this case. The debtor voluntarily availed itself of Chapter 7 relief, in a seeming effort to stymie the collection efforts of WCP. By so doing, the debtor received the benefit of the automatic stay and, as a condition thereof, agreed to have its assets liquidated by a trustee. It now seems the debtor wishes to retain the benefit of its bargain without paying the burden of its bargain.

The debtor's principal is Mekonnen Woinshet, an individual well known to this Honorable Court. WCP believes Wendell Webster, the Chapter 7 trustee herein, may introduce palpable value

---

[1] To the extent the debtor wishes to engage such discussions, they may be properly directed to WCP through undersigned counsel. Absent extraordinary circumstances not present *sub judice*, it is the longstanding policy of WCP to require all settlement discussions be had through counsel once a bankruptcy petition is docketed by a borrower.

by investigating this debtor's affairs (especially where schedules are generally lacking) and could sell the real estate holding for a sum in excess of WCP's debt, securing proceeds for other creditors (assuming the veracity of the debtor's representation as to value, as set forth in Schedule D at DE #3).

The foregoing notwithstanding, should this case be nonetheless dismissed, WCP asks that such dismissal be accompanied by a bar order prohibiting re-filing for two years. The debtor's failure to file proper schedules, apparent filing solely to frustrate collection efforts, failure to then meaningfully engage the Chapter 7 process, and disingenuity in docketing the Motion, all speak well to the sort of bad faith that necessitates assurances dismissal will not be followed by the docketing of a sequel case.

Respectfully submitted,

Dated: March 20, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3