# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: ) | 24-00070-ELG |
| ) |  |
| 42920 NE LLC, ) | CHAPTER 7 |
| ) |  |
| Debtor. ) |  |

### MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF CERTAIN LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f) AND TO REJECT LEASE
(429 20th NE, Unit 1, Washington DC 20002 and
associated parking spot described as 429 20th NE, Unit P-1, Washington DC 20002)

**COMES NOW,** Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of 42920 NE LLC ("Debtor"), by and through counsel, McNamee Hosea, P.A., and files his *Motion to Sell Property Free and Clear of Certain Liens and Interest Pursuant to 11 U.S.C. § 363(f) and to Reject Lease* (the "Motion"), and in support thereof, states as follows:

### PARTIES AND JURISDICTION

1. This case commenced on March 6, 2024, when the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Court.

2. Wendell W. Webster is the Trustee of the Debtor's Chapter 7 estate.

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the Local Rules of the United States Bankruptcy Court for the District of Columbia. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157.

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

4. The Trustee consents to entry of final orders and judgments by this Court.

## STATEMENT OF FACTS

5. The Debtor owns real property located at 429 20th NE, Unit 1, Washington DC 20002 (the "Unit") and an associated parking spot described as 429 20th NE, Unit 1, Washington DC 20002 (the "Parking Spot," and collectively with the Unit, the "Property"). The Unit is part of a two-unit condominium governed by the Declaration and Bylaws of RDW Condominium (the "Association").

6. The Unit is located at Lot 4550, Square 2040.

7. The Parking Spot is located at Lot 4550, Square 2042.

8. According to a title report conducted on the Property, the Unit is encumbered by the liens outlined below. The Parking Spot is unencumbered.

9. The Unit is encumbered by a certain Deed of Trust recorded as Instrument No. 2023029212 in favor of Russell Drazin as trustee and assigned to Pacific RBLF Funding Trust ("WCP") as Instrument 2024009837. WCP asserts it was owed $479,750.01 as of the Petition Date, and asserts per diem interest of $250.00.[1]

10. The Property may also encumbered by various water and sewer liens from the District of Columbia Water and Sewer Authority and real estate taxes, as well as condominium liens.

11. Finally, the Property is subject to a Wrongful Housing Lien in favor of the Department of Consumer and Regulatory Affairs in the amount of $842.21 plus interest, recorded as Instrument No. 2019093728. The sale will be subject to this lien, to the extent such lien is valid and has not been paid.

---

[1] Despite the round number nature of this per diem, it is the actual amount that accrues per day.

2

12. Based on conversations with realtors, the Unit is unlikely to sell for more than WCP's lien.

13. Given that parking is not at a high demand in the neighborhood surrounding the Property, the Parking Spot is unlikely to sell on the open market to anyone other than the owner of the Unit or the owner of the other unit in the Association. The Trustee has reached out to Barrett and Christiana Alexander, the owners of the other unit, but they were not interested in purchasing the Parking Spot for the consideration provided by Purchaser.

14. The Property was subject to an expired residential lease (the "Lease") with Rafiya Stackhouse (the "Tenant"). The Tenant is not currently making payments on the Lease.

15. Given the foregoing, the Trustee proposes to sell the Property for $15,000.00 to WCP Fund I, LLC or its assigns ("Purchaser") if conveyed occupied or $19,000.00 if conveyed vacant. The Property will be sold free and clear of liens junior to WCP's lien but subject to senior liens. The Purchaser will pay all costs of sale at closing including real estate, transfer, and recordation taxes. A non-refundable deposit of $15,000 will be paid within 14 days of the entry of the order approving the sale. Closing must occur within six months of the order approving the sale.

16. The Purchaser is a third party with no known connections to the Trustee, the Debtor, the estate or any creditors. The Purchaser was not in contact with any other potential purchasers and the purchase agreement was negotiated at arms-length.

17. The Trustee proposes to sell the Property free and clear of any liens junior to WCP, but subject to WCP's liens and any senior liens. The only junior lien which the Trustee has found is the judgment lien of the Law Offices of Eric Howell Sayles, PLLC, recorded as Instrument No.

2023072391, in the amount of $7,181.26, plus costs of $55.00 The net proceeds of the sale of the Property, if any will be held by the Trustee pending further order.

18. Pursuant to § 363(f)(1), the Trustee may sell the Property free and clear of liens if the lienholder will be paid in full. Pursuant to § 363(f)(2), the Trustee may sell the Property free and clear of liens if the lienholder consents to the sale. Pursuant to § 363(f)(5), the Trustee may sell the Property free and clear of liens if the lienholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19. With regard to WCP, the Trustee expects to pay WCP in full or obtain their consent to a reduced payoff. Accordingly, 11 U.S.C. § 363(f)(1) and (2) are satisfied.

20. With regard to junior liens, if any, the Trustee expects to obtain their consent to a reduced payoff. Accordingly, 11 U.S.C. § 363(f)(2) is satisfied. Further, if the Trustee is unable to sell the Property free and clear of liens, WCP will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, junior lienholders would not be required to be paid as a secured creditor pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which junior lienholders could be compelled to accept a money satisfaction of its interest pursuant to 11 U.S.C. § 363(f)(5).

21. WCP has agreed to waive any right to payment on an unsecured claim or administrative claim in this case.

22. The Trustee has agreed to engage current counsel for WCP, at no cost to the estate, to pursue a motion for turnover in connection with the Property.

23. Further, as outlined above, the Purchaser has no connection with the Debtor, the estate, any creditor, or any other party in interest in case. The Property has been extensively

4

marketed, and the Purchaser submitted the highest and best bid possible. Bidders were not in contact with each other, and therefore the Trustee asserts that no collusion was possible. The contract was negotiated at arms-length. Accordingly, the Trustee asserts that it is appropriate for the Court to find that the Purchaser, or any higher bidder approved by the Court, is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

24. As outlined above, the estate is currently incurring over $250.00 a day in interest, as well as real estate taxes and other expenses. Accordingly, the Trustee requests that the Court enter an order waiving any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h).

25. Further, the Trustee seeks to reject the Lease. Section 365(a) of the Bankruptcy Code authorizes a debtor to reject its executory contract and unexpired leases subject to the approval of the bankruptcy court:

(a) Except as provided in . . . subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

26. Rejection of an executory contract or lease is appropriate where, in the exercise of the trustee's sound business judgment, the trustee determines that rejection of the contract or lease would benefit the estate. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1985); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("it is well established that 'the question whether a lease should be rejected . . . is one of business judgment'"); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or unexpired lease by the debtor is appropriate under section 365(a) if the Bankruptcy Code").

5

27. The business judgment standard is deferential, and the court will generally approve the debtor's decision under this standard. *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019); *see also In re Cho*, 581 B.R. 452, 456 (Bankr. D. Md. 2018); *In re United Press Intern., Inc.*, 55 B.R. 63, 65 (Bankr. D. C. 1985)

28. Here, rejection of the Lease is amply supported by sound business judgment and will reduce the administrative burden on the estate. The Lease is potentially financially burdensome and decreases the value of the estate. Furthermore, the Trustee believes that the Lease has no marketable value that could be generated through assumption and assignment. The Purchaser has requested rejection of the Lease and therefore it is appropriate to reject the Lease.

**WHEREFORE**, Wendell W. Webster, Chapter 7 Trustee, respectfully respects that this Honorable Court:

A. **ORDER** that the Trustee be authorized to sell the Property to the Purchaser free and clear of liens pursuant to 11 U.S.C. § 363(f);

B. **REJECTING** the Lease with the Tenant;

C. **ORDER** that the Purchaser, or any approved higher bidder, is a good faith purchaser pursuant to 11 U.S.C. § 363(m);

D. **ORDER** that any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h) or similar rule is waived; and

E. **ORDER** such other and further relief as this Court may deem just, equitable, and proper.

| | |
|---|---|
| Dated:  July 1, 2024 | Respectfully submitted |
| | /s/ Justin Fasano |
| | Janet M. Nesse (D.C. Bar 358514) |
| | Justin P. Fasano (DC Bar MD21201) |
| | McNamee Hosea |
| | 6404 Ivy Lane, Suite 820 |
| | Greenbelt, MD 20770 |
| | (301) 441-2420 |
| | jnesse@mhlawyers.com |
| | jfasano@mhlawyers.com |
| | *Counsel to the Trustee* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, I served a copy of the foregoing was served via first class mail, postage prepaid, or where indicated, by CM/ECF, upon the following:

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

DC Water & Sewer Authority
c/o David L. Gadis, CEO
5000 Overlook Avenue, SW
Washington, DC 20032

Rafiya Stackhouse
429 20th St. NE, Unit 1
Washington, DC 20002

Barrett Wilson Alexander
429 20th St. NE, Unit 2
Washington, DC 20002

Christiana Joy Alexander
429 20th St. NE, Unit 2
Washington, DC 20002

RDW Condominium
c/o Barrett Wilson Alexander
429 20th St. NE, Unit 2
Washington, DC 20002

RDW Condominium
c/o Christiana Joy Alexander
429 20th St. NE, Unit 2
Washington, DC 20002

Law Offices of Eric Howell Sayles, PLLC
c/o Seth Slomowitz
1155 Connecticut Ave NW Suite 650
Washington DC 20036

District of Columbia Department of Consumer and Regulatory Affairs
c/o Brian J. Hanlon
1100 4th St SW
Washington, DC 20024

Merrick Garland Esq.
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

Office of U.S. Attorney
Attn: Civil Process Clerk
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
31 Hopkins Plaza, Rm 1150
Baltimore, MD 21201

                                                  /s/     Justin Fasano
                                                  Justin P. Fasano